STATE, JOHN B. ANDERSON, PROSECUTOR, v. CITY OF
TRENTON

A statute purporting to confer upon all cities having a population of not less than twenty-five thousand inhabitants, the power of issuing bonds to fund their floating debt, is a special law, and in violation of the constitutional amendment which forbids the passing of special laws to regulate the internal affairs of towns.

On *certiorari* to review an ordinance of the common council of the city of Trenton.

Argued at June Term, 1880, before Justices DIXON and REED.

For the prosecutor, *E. L. Campbell.*

For the defendant, *W. L. Dayton.*

The opinion of the court was delivered by

DIXON, J.  An act concerning cities, approved March 12th, 1880, (*Pamph. L., p.* 258,) declares that it shall be lawful

for any city within this state, having a population of not less than twenty-five thousand inhabitants, and having a floating or unbonded debt, which the available funds of such city are insufficient to pay, by and through its common council, or other body having control of its finances, to borrow money to the amount of such floating or unbonded indebtedness, and to issue bonds therefor.

The common council of the city of Trenton, deeming it to be among the municipalities thus designated, passed an ordinance for the issue of bonds to fund its floating debt, by virtue of these provisions, whereupon the prosecutor, a citizen and tax-payer in Trenton, sued out a writ of *certiorari*, to test the legality of the corporate proceedings.

The contention of the prosecutor (*inter alia*) is that this statute is special and local, and contravenes the constitutional amendment found in Paragraph 11, Section 7, Article IV., which forbids the passage of private, special, or local laws, to regulate the internal affairs of towns.

Under this clause of the constitution, it has already been decided, in this state, that a law, to be neither special nor local, need not apply to all towns—that it will be general if it apply to a class of towns. Thus, cities have been held to be included among "towns," as here intended, (*Van Riper* v. *Parsons*, 11 *Vroom* 1; *Pell* v. *Newark*, 11 *Vroom* 550,) and so are townships said to be (11 *Vroom* 555) and, doubtless, a law embracing all cities or all townships, would be constitutional; for these bodies, because of their marked peculiarities, are, by common consent, regarded as distinct forms of municipal government, and so constituting classes by themselves. But it has further been considered that these classes, also, may be subdivided by the legislature, so that a law will be general which yet touches only a subdivision. As, however, this power of subdividing by legislation would, if unrestricted, include the power to legislate for every individual singly, since no two individuals are exactly alike, the constitutional prohibition required that some limit, excluding special and local legislation, should be placed upon its exer-

cise.   Hitherto, this limit has been declared to exist in the principle that the class to be affected must consist of individuals distinguished by some important characteristic to which the purpose of the law relates, and must embrace all those so characterized.   Thus, a statute giving to all cities bordering upon tide-water the power to construct docks or establish quarantine regulations, or providing that in all towns having volunteer fire departments, the members of the department should choose a commission to govern them, would, I presume, be valid.   These groups would, according to the principle laid down, be naturally classified for legislation touching their peculiar qualities, and such legislation, though affecting them alone, would be general.   But any attempt to legislate for a group of cities not classified in harmony with this principle, is, as I understand, declared to be evasive, and in violation of the fundamental law.

The question to be determined concerning the law now under review, therefore, is whether, since it does not relate to all cities, it affects a class of cities constituted upon this principle—whether the basis of classification is some peculiar feature to which the provisions of the law are naturally related.

The basis of classification is a minimum of population. The powers to be conferred by the statute concern the issue of bonds for the purpose of funding floating debts.  · Now, I am unable to see any natural connection between the number of people in a city and its right to fund its floating debt.   It is true that there may be some propriety in denying this authority to very small municipalities and granting it to larger ones, but the same may be said of almost every power usually possessed by cities.   And it is manifest that if the classification made by a statute is to be justified or not, by considering whether it is proper to apply the peculiar provisions of the law to the particular individual or individuals designed to be affected, then laws will be upheld or overthrown, not as the courts shall decide them to be general or special, but as they shall deem them wise or unwise.   No rule heretofore laid

·down in this state sanctions such a test of constitutionality, nor do I think that such a criterion should be adopted.

In Pennsylvania, under a constitutional provision similar to ours, a statute has been adjudged valid which divided the cities of the state into three classes—the first, of cities containing over three hundred thousand inhabitants; the second, ·of those containing from one hundred thousand to three hundred thousand, and the third, of those containing from ten thousand to one hundred thousand. *Wheeler* v. *Philadelphia*, 77 *Penna. St.* 338; *Kilgore* v. *Magee*, 85 *Id.* 401.

But that statute is distinguishable from the one now before us, inasmuch as that classification was made for all the purposes of municipal legislation, and could therefore be regarded as a general classification, while in the present law, the grouping of cities is for a special purpose only—to confer on some a power of funding debts not granted to others; and hence, in this aspect, the law is special. If it be sustained, the classes into which towns may be divided, on this simple basis of population, will be as numerous and diversified as the purposes of the legislature, and all the evils sought to be averted by the abolition of the power to legislate for individuals, will return under the form of class legislation. I see no view in which this law will appear to be general.

There are two cases in this court which may be suggested as resting upon a different notion, viz., *Rutgers* v. *New Brunswick*, ante p. 51, and *Skinner* v. *Bogert*, ante p. 407. But neither of these decisions is adverse. In the first case, the relator claimed salary, as judge of the District Court of New Brunswick, on the ground that a supplement to the act under which he was appointed, which purported to abolish his office, was in violation of the constitutional amendment already mentioned. The act constituting District Courts provided for them in all cities having over fifteen thousand inhabitants. The supplement abolished them in all cities having less than twenty thousand. The court decided that if the original act was valid, on the same principle, the supplement was, and if the latter was not, neither could the

former be, and whether both were good or both bad, the relator had no right to the salary. All this was strictly logical. In the second case, the relator urged that an act cutting off the *per diem* allowance of president judges of the Courts of Common Pleas in counties having less than one hundred thousand people, was special or local, and therefore inoperative as to him, being in office, under another clause of the constitution. The court held it to be a general law, upon the ground that there appeared to be such a relation between the population of the respective counties, and the amount of service rendered by these officers, that, according to the rules previously laid down, these judges could, for the purpose of regulating their compensation, be classified on the basis of the number of inhabitants within their jurisdictions. No new principle was attempted to be announced; the court simply undertook to apply established tests. The case, therefore, goes no further than the statute upon which judgment was pronounced, and others of like character. The enactment now in hand is quite different.

In my judgment, this statute is void, and the ordinance passed by virtue of it should be set aside.